IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
  NICHOLAS MORFIN, )
                                         )
        Petitioner, )
                                         )
      v. )    No. 09 C 5372
                                         )
MARCUS HARDY, Warden, )
  Stateville Correctional Center )
                                         )
        Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Respondent's motion to dismiss Petitioner Nicholas Morfin's (Morfin) petition for writ of habeas corpus (Petition). For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

    On May 22, 1998, following a jury trial, Morfin was convicted of first degree murder and sentenced to natural life imprisonment. On December 29, 2000, the Illinois Appellate Court affirmed Morfin's conviction and sentence. Morfin filed a petition for leave to appeal to the Illinois Supreme Court, which the Illinois Supreme

1

Court denied on April 3, 2002.

On September 26, 2005, Morfin filed a post-conviction motion in the Circuit Court of Cook County, Illinois, to vacate his sentence as void and unconstitutional. In his motion, Morfin argued that the statute under which Morfin was sentenced was unconstitutional as applied to Morfin. The trial court denied Morfin's motion to vacate on March 22, 2006, and on December 21, 2007, the Illinois Appellate Court affirmed the judgment of the trial court. Morfin filed a petition for leave to appeal with the Illinois Supreme Court, which the Illinois Supreme Court denied on November 26, 2008. In January 2009, Morfin filed a petition for writ of certiorari in the Supreme Court of the United States, which the Supreme Court of the United States denied on March 23, 2009. On August 31, 2009, Morfin filed the instant Petition. Morfin alleges in his Petition: (1) that the police lacked probable cause to arrest and detain him, (2) that he was denied proper discovery in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), (3) that the trial court erred in allowing facts about his gang membership to be introduced to the jury, (4) that the prosecution's closing arguments were improper, (5) that the trial court gave an improper instruction to the jury on accountability, (6) that the statute under which he was sentenced, 730 ILCS 5/5-8-1(a)(1)(c)(ii), is unconstitutional as applied to him, (7) that he received ineffective assistance of trial counsel, and (8) that he received ineffective assistance of appellate counsel, and (9) that his due process rights were violated throughout his state court proceedings because the state courts made rulings and decisions that

violated clearly established federal law.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

**DISCUSSION**

I. Inclusion of the Attorney General as a Respondent to Petition

At the outset, we note that Morfin has included the Attorney General of the State of Illinois as an additional respondent to the Petition. Pursuant to 28 U.S.C. § 2242, the proper respondent to the Petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 (stating that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"). In *Wales v. Whitney,* 114 U.S. 564 (1885), the Supreme Court articulated that the relevant statutory provisions "contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id*. at 574 (emphasis added). Thus, the Attorney General is not a proper party to the Petition, and we therefore dismiss her from the instant Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-436 (2004)(stating that "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official")(citations omitted).

II. Statute of Limitations Issue

Respondent has filed a motion to dismiss the instant Petition based on the statute of limitations for filing a habeas petition. Under 28 U.S.C. § 2244(d)(1)**:**

4

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Respondent has pointed out, and we agree, that 28 U.S.C. § 2244(d)(1)(A) and 28 U.S.C. § 2244(d)(2) are the only provisions relevant to the instant Petition. In calculating the date upon which a judgment becomes final by the conclusion of direct review, the court must include the 90 day period during which a state prisoner may file a petition for writ of certiorari. *See* Sup. Ct. R. 13.1 (stating that a petition for writ of certiorari must be filed within 90 days after entry of judgment or entry of an order denying discretionary review); *Jimenez v. Quarterman,* 129 S.Ct. 681, 685 (2009)(stating that "[d]irect review cannot conclude for purposes of § 2244(d)(1)(A)

until the availability of *direct appeal* to the state courts, and to [the Supreme] Court has been exhausted")(internal quotations and citations omitted)(emphasis added); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)(stating "the statute of limitations imposed by section 2244(d)(1)(A) begins to run (i) when all *direct* criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ")(emphasis added).

Morfin's direct appeal concluded on April 3, 2002, when the Supreme Court of Illinois denied Morfin's petition for leave to appeal. Morfin did not file a petition for writ of certiorari within 90 days of that date. Therefore, the statute of limitations with respect to the Petition began to run on July 2, 2002, 90 days after the Supreme Court of Illinois denied Morfin's petition for leave to appeal. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Morfin had until July 3, 2003, to file a federal habeas petition, or to file a post-conviction petition in state court that would toll the time pursuant to 28 U.S.C. § 2244(d)(2). Morfin filed neither during that time period.

Morfin argues that he has met the statute of limitations requirement based on his January 2009 filing of a petition for writ of certiorari, which the Supreme Court of the United States denied on March 23, 2009. However, as Respondent points out, Morfin's January 2009 petition for writ of certiorari related only to Morfin's post-

6

conviction petition, and did not (and in fact, based on Supreme Court Rule 13.1, *could not*) relate to his direct appeal. Morfin seems to believe that his post-conviction proceedings somehow reset the clock with respect to his time to file a habeas petition, and Morfin urges the court to at least consider his claim that 730 ILCS 5/5-8-1(a)(1)(c)(ii) is unconstitutional as applied to him since that was the "sole argument filed by counsel on September 23, 2005 in [the] Motion to Vacate Void Unconstitutional Judgment." (Resp. at 2). However, the law is clear that "[a] state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of [a] federal proceeding." *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005), *See also DeJesus v. Acevedo*, 567 F.3d 94, 943 (stating that "[a] state proceeding that does not begin until the federal year has expired is irrelevant"). Therefore, we find that the instant Petition is untimely.

III. Equitable Tolling Doctrines

Although Morfin has not argued that the court should apply any equitable tolling doctrines to the Petition, the court will consider whether equitable tolling might be appropriate in this case. If applicable, a tolling doctrine would "stop the statute of limitations from running even if the accrual date has passed." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). The first potentially relevant doctrine is the doctrine of equitable estoppel, which "comes into play" if the respondent took "active steps to prevent" the petitioner from filing the Petition in

7

time, such as "by promising not to plead the statute of limitations." *Id.* at 450-51 (citations omitted). No such facts have been presented with respect to the Petition, and therefore the doctrine of equitable estoppel does not apply.

The second potentially relevant doctrine is the doctrine of equitable tolling. The 7th Circuit has applied the equitable tolling doctrine to habeas petitions that would otherwise be barred by 28 U.S.C. § 2244(d). *See, e.g., Simms v. Acevedo*, 2010 WL 572742, *7 (7th Cir. 2010); *Tucker v. Kingston* 538 F.3d 732, 734 (7th Cir. 2008). Equitable tolling is an extraordinary remedy that is "rarely granted." *Tucker*, 538 F.3d at 734; *see also Simms* at *7 (declining to apply equitable tolling to habeas petition filed one day after statute of limitations expired because petitioner "failed to act diligently in pursuing his federal rights" when petitioner "waited nearly a year from the withdrawal of his previous state court petition to begin his final attempts at state court review"). Morfin has argued that he has been "diligent in the pursuit of his rights" with respect to his argument that 730 ILCS 5/5-8-1(a)(1)(c)(ii) is unconstitutional as applied to him. (Resp. at 2). For Morfin to be entitled to equitable tolling, he must show "that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition, . . . [and that] he has diligently pursued his claim, despite the obstacle." *Id.* (citations omitted). Morfin has made no such showing, and in fact, Morfin has failed to even address the more than three years that elapsed between the 2002 denial of his petition for leave to appeal and his 2005 filing of the post-conviction motion to vacate his

sentence as void and unconstitutional. Therefore, the statute of limitations is not equitably tolled with respect to the instant Petition.

IV. Procedurally Defaulted Claims

Even if the instant Petition was timely filed, certain claims would be procedurally defaulted. A petitioner's habeas claims are procedurally defaulted unless the petitioner "first submit[s] his claims through one full round of state-court review." *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009). To meet the presentment requirement, a petitioner "must have fairly presented the substance of h[is] claims to the state courts by articulating both the operative facts and applicable law that []he claims entitle h[im] to relief." *Id.* A petitioner is barred from pursuing a procedurally defaulted claim in a habeas petition unless "the petitioner 'can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice.'" *Id.* (quoting *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008)). Morfin failed to submit the following claims through one full round of state court review: (1) that the trial court gave an improper instruction to the jury on accountability, (2) that he received ineffective assistance of trial counsel, (3) that he received ineffective assistance of appellate counsel, and (4) that his due process rights were violated throughout his state court proceedings because the state courts made rulings and decisions that violated clearly established federal law. Morfin has not shown cause for the default, nor has he

shown that the failure to consider such claims would result in a fundamental miscarriage of justice. Therefore, such claims are procedurally defaulted.

V. Constitutionality of the Statute as Applied to Morfin

Finally, even if we could consider Morfin's constitutional challenge to 730 ILCS 5/5-8-1(a)(1)(c)(ii) as applied to him, we find that his constitutional challenge is without merit. Pursuant to 730 ILCS 5/5-8-1(a)(1)(c)(ii), "a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations: (1) for first degree murder, . . .(c) the court shall sentence the defendant to a term of natural life imprisonment when the death penalty is not imposed if the defendant, . . . (ii) is a person who, at the time of the commission of the murder, had attained the age of 17 or more and is found guilty of murdering an individual under 12 years of age; or, irrespective of the defendant's age at the time of the commission of the offense, is found guilty of murdering more than one victim." 730 ILCS 5/5-8-1(a)(1)(c)(ii). In his motion to vacate filed on September 26, 2005, Morfin argued that his sentence was unconstitutional as applied to him because it violated the proportionate penalties clause of the Illinois Constitution, the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment, and his due process and equal protection rights under the United States Constitution because he was treated differently than similarly situated defendants. Morfin based these arguments on the Supreme Court

of Illinois' decision in *People v. Miller*, 781 N.E.2d 300 (Ill. 2002). However, in *Miller*, the Supreme Court of Illinois specifically stated that a sentence of life imprisonment for a juvenile offender convicted under a theory of accountability might, in some cases, be appropriate, and that "[i]t is certainly possible to contemplate a situation where a juvenile offender actively participated in the planning of a crime resulting in the death of two or more individuals, such that a sentence of natural life imprisonment without the possibility of parole is appropriate." *Id.* at 309. The record before us indicates that, in multiple ways, Morfin actively participated in the murder of two young girls, and that he was seventeen years old at the time the crime was committed. In contrast, the defendant in *Miller* was a fifteen year old who was asked to be a look-out only minutes before other individuals committed a similar crime. *Miller*, 781 at 340-41. Morfin's case is thus distinguishable from the facts stated in *Miller*. Based on these considerations, Morfin's claim that 730 ILCS 5/5-8-1(a)(1)(c)(ii) is unconstitutional as applied to him is without merit. Therefore, we grant Respondent's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Respondent's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 18, 2010

11